IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS,<br><br>Plaintiff,<br><br>v.<br><br>COZART BROTHERS INC.,<br><br>Defendant.<br>_____/ | No. C 05-00323 WHA<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND VACATING HEARING** |

## INTRODUCTION

Plaintiff has applied for entry of default judgment against defendant Cozart Brothers, Inc., which has never appeared in this ERISA action. Review of the *Eitel* factors favors entry of default judgment. Plaintiff's application is thus **GRANTED** and defendant is **ORDERED TO PAY A TOTAL OF $1875.54** to plaintiffs. The hearing on the application is **VACATED**.

## STATEMENT

On January 24, 2005, plaintiff filed this ERISA action seeking enforcement of a collective-bargaining agreement. Plaintiff seeks an award of liquidated damages and interest on delinquent employee contribution payments for the months of October 2004 through February 2005. For its efforts, plaintiff also seeks attorneys' fees and costs.

To support their claims for relief, plaintiff alleges the following facts. On June 16, 2002, defendant entered into a collective-bargaining agreement with Teamsters Local Union No. 853. The agreement required that pension contributions be paid on behalf of covered employees to the Western Conference of Teamsters Pension Trust Fund. The contract binds the

defendant to the terms and conditions of the trust fund agreement.  Under the contract, defendant agrees to submit a monthly report of hours worked by his employees and to make regular contributions to the trust fund.  Plaintiff fund relies on self-reporting by the employer.  Under the terms of the trust agreement, failure to make payment by the 10th of the month in which the contribution is due, results in liquidated damages, interest, and attorneys' fees.

Defendant has failed to pay contributions due in a timely manner for period October 2004 through February 2005.  On January 24, 2005, plaintiff filed the instant action.  Defendant was served with the summons and complaint on February 17, 2005.  Defendant did not serve plaintiff with a responsive pleading within twenty days as required by FRCP 12(a)(1)(A).  The Clerk of the Court entered defendant's default on April 12, 2005.  Plaintiff thereafter filed the instant application for entry of default judgment on June 21, 2005, seeking an order requiring defendant to pay $1871.04 in damages.

**ANALYSIS**

Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default.  Whether to grant a motion for default judgment is within the discretion of the trial court.  In the Ninth Circuit, a court is to consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  For the reasons that follow, these factors favor entry of default judgment in this case.

1. **MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After entry of default, well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered in tandem.  This order finds that the *Eitel* factors weigh in favor of entry of default judgment.

2

1    Plaintiffs here assert a claim for unpaid contributions under ERISA, 29 U.S.C. 1145.  To
2  recover, plaintiffs must show that: (1) the fund is a multi-employer plan as defined by 29 U.S.C.
3  1002(37); (2) the defendant is an employer obligated to contribute to the plan under the terms of
4  a collective-bargaining agreement; and (3) the defendant failed to contribute in accordance with
5  the plan or agreement.  In this case, plaintiff alleges facts to support each of the above elements.
6    Plaintiff's fund is a multi-employer plan within the meaning of ERISA (Pentz Decl.
7  Exh. 1).  Defendant agreed in its written collective-bargaining agreement with the union, to
8  make regular contributions to plaintiff's fund and to the union (*Ibid*).  Thereafter, defendant
9  breached its contractual obligations by failing to pay such contributions in a timely manner for
10 the months of October 2004 through February 2005.

### 2.   THE REMAINING *EITEL* FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment.  To deny plaintiff's application would leave plaintiff without a remedy.  Morever, defendant has refused to litigate this action here after being properly served with the complaint and summons.  It is unlikely that the default was the result of excusable neglect.  Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has refused to litigate.

### 3.   THE DETERMINATION OF DAMAGES.

Pursuant to 29 U.S.C. 1139(g), when judgment in favor of a plan is awarded in an action to enforce Section 1145, a court may award the plan unpaid contributions, liquidated damages and interest thereon, reasonable attorneys' fees and costs, and any other legal or equitable relief the court deems appropriate.

Plaintiff seeks an order requiring defendant to pay $1,042.00 in liquidated damages and $39.04 in interest.  Plaintiff has provided documentation in support of their request in the form of a declaration from Diane Andrade, manager of the trust fund delinquency collection department of Erskine & Tulley.  This declaration provides a detailed accounting of delinquent contributions, liquidated damages, and interest that has accrued thereon from October 2004 through February 2005 (Andrade Decl. Exh. 5).  Plaintiff's compute liquidated damages at 20%

3

1  and interest at 4% as required by Article IV, Section 3 of the Trust Fund Agreement (Pentz
2  Decl. Exh. 3).  While plaintiff's request for liquidated damages in the amount of $1,042.00 is
3  supported by the record, plaintiff's request for $39.04 in interest is not.  There is a minor
4  calculation error in Exhibit 5 of the Andrade declaration.[*]  The correct amount of interest due is
5  $43.54.

Plaintiff also requests an award of attorneys' fees in the amount of $540.00 and costs of $250.00.  Plaintiff's counsel has filed a declaration describing the tasks performed in this action, the billing rate for such tasks and the costs incurred (Carroll Decl. ¶¶ 2–5).  This order finds the amount of costs and attorneys' fees to be reasonable and appropriate.

## CONCLUSION

For good cause shown, this order Grants plaintiff entry of default judgment as to defendant Corzart Brothers, Inc., who shall:

1. Pay liquidated damages of $1042.00;
2. Pay interest of $43.54;
3. Pay cost in the amount of $250.00;
4. Pay attorneys' fees in the amount of $540.00.

Judgment shall be entered accordingly.  The hearing currently scheduled for this motion on August 4, 2005, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 1, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*]Exhibit 5 lists the contribution amount due for October and November 2004 as $697.51 and $2,140.00, respectively.  This is incorrect, the amounts should be reversed.  According to the invoice reports in Exhibit 6, the contribution due for October was actually $2,140.00 while the amount due for November was $697.51.  As a result, the correct interest due for October and November is $23.92 and $5.92, respectively.  Recalculated, the total interest due for the period October 2004 through February 2005 is $43.54.

United States District Court
For the Northern District of California